UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 10-CR-0339 (PJS/JJK) |
| Plaintiff, | |
| v. | ORDER |
| CRUZ ROSALES (6), | |
| Defendant. | |

Jeffrey S. Paulsen, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Michael C. Hager, HAGER LAW OFFICE, for defendant.

This matter is before the Court on the government's motion for reconsideration of the Court's November 30, 2011 ruling on defendant Cruz Rosales's motion to suppress evidence. The facts relevant to the motion have been detailed in the Court's previous orders and Reports and Recommendations, *see* Docket Nos. 262, 312, 330, 340, and need not be repeated here.

In its November 30 order, the Court denied Rosales's motion to suppress the fruits of a July 31, 2010 search of his carry-on bag at the Minneapolis/St. Paul International Airport by an agent of the Transportation Security Administration ("TSA"). That search uncovered thousands of dollars in cash in an envelope. The Court found that the *search* was lawful, but the Court declined to address the propriety of the subsequent warrantless *seizure* of the cash because the government appeared to treat the legality of the seizure as moot — and, more importantly, because the government did not identify a single justification for the warrantless nature of the seizure. *See* Docket No. 340 at 5-6. As a result, the Court noted that it did not appear that the government would be able to introduce evidence about the exact amount of the cash in Rosales's

possession, as the exact amount was not determined until after the cash was seized and counted. *Id.* at 6 n.8.

The government moves for reconsideration of this latter ruling. In its motion, the government has clarified that it is relying on the plain-view doctrine to support the warrantless seizure of the cash. The plain-view doctrine permits a warrantless seizure if (1) the seizing officer is lawfully in a position to view the object; (2) the incriminating character of the object is immediately apparent; and (3) the officer has a lawful right of access to the object. *PPS, Inc. v. Faulkner Cnty.*, 630 F.3d 1098, 1103-04 (8th Cir. 2011). The incriminating character of an object is "immediately apparent" if there is probable cause to associate it with criminal activity. *United States v. Armstrong*, 554 F.3d 1159, 1163 (8th Cir. 2009).

As noted, the Court has already held that the TSA agent's search of Rosales's bag was lawful. Thus, the TSA agent was lawfully in a position to see the cash. As Rosales points out, though, the TSA agent did not seize the cash. Instead, the TSA agent returned Rosales's property to him and let him go on his way. Rosales's cash was later seized by airport police (not the TSA) only after Rosales voluntarily agreed to return to the screening area and speak with airport police officers (who had been told by the TSA that Rosales was carrying a large amount of cash, *see* Docket No. 329 at 4-5, 65-66, 68).

Nevertheless, the Court finds that the seizure was proper under the plain-view doctrine. The Supreme Court has upheld a search under analogous circumstances, explaining that "absent a substantial likelihood that the contents have been changed, there is no legitimate expectation of privacy in the contents of a container previously opened under lawful authority." *Illinois v. Andreas*, 463 U.S. 765, 773 (1983); *see also United States v. $557,933.89, More or Less, in U.S.*

*Funds*, 287 F.3d 66, 87-88 (2d Cir. 2002) (Sotomayor, J.) (holding that a police officer's opening of a briefcase that had just been searched by airport security did not constitute an additional "search" within the meaning of the Fourth Amendment); *United States v. $145,850 U.S. Currency*, No. 10-71, 2010 WL 3063814, at *6 n.2 (E.D. Va. July 30, 2010) ("That Arrington zipped up his suitcase and began to exit the airport is immaterial to whether the plain view justification for seizure continued to apply."). In other words, after a container has been lawfully searched and its contents lawfully viewed in the course of that search, those contents are deemed to remain in plain view (even if they are put back in the container and carried off) up until the point that it becomes substantially likely that the contents of the container have changed. *Cf. Andreas*, 463 U.S. at 771-72 ("once a container has been found to a certainty to contain illicit drugs, the contraband becomes like objects physically within the plain view of the police, and the claim to privacy is lost" (footnote omitted)).

In this case, there is no substantial likelihood that the contents of Rosales's bag changed between the time that the TSA agent allowed Rosales to leave the screening area and the time that airport police seized the cash.[1] Although the record does not definitively establish the amount of time that passed between Rosales leaving and returning to the screening area, it appears to have been a matter of minutes; moreover, Rosales was nearby and apparently visible to TSA agents the entire time. *See* Docket No. 329 at 42, 48-49, 53-55; *cf. Andreas*, 463 U.S. at 767-68, 772-73 (holding that there was no substantial likelihood that the contents of a shipping container changed during the 30 to 45 minutes that it was in an apartment and out of the officers'

---

[1]The Court notes that it is not clear whether airport police opened Rosales's bag or whether, instead, Rosales took the money out of the bag himself. Under the Court's analysis, however, the difference between these possible scenarios is legally irrelevant.

sight). In addition, given that Rosales was at the airport the entire time, it is reasonable to believe that he maintained his possessions in the bag in which he had packed them. Without any substantial likelihood that the contents of Rosales's bag changed, therefore, the cash is treated as though it remained in plain view — as though Rosales had held it in an outstretched hand at all times, including while talking with airport police.

The Court also finds that the incriminating nature of that cash was immediately apparent to airport police, who had been told by local law-enforcement agents that, just before coming to the airport, Rosales had been seen taking part in a suspected drug transaction (after which Rosales was followed by the agents to the airport).[2] Docket No. 329 at 4. Finally, as the cash was deemed to be in plain view of the seizing officer in a public place, there can be no dispute that the officer had a lawful right of access to it. *Cf. PPS, Inc.*, 630 F.3d at 1103 (noting that the plain-view doctrine does not authorize officers to enter private property to seize an incriminating object). The Court therefore finds that the seizure was proper and that the government may introduce into evidence the amount of the cash, as well as the photographs taken at the airport at the time of the seizure (assuming that the government can establish the proper foundation for the evidence).

---

[2]Rosales previously argued that because he was not given a *Miranda* warning, his statements to airport police cannot be used to support probable cause. The record demonstrates that Rosales voluntarily agreed to talk to the airport police and had been told that he was not under arrest. Docket No. 329 at 6-7, 55-56. Setting that aside, the Court finds that there was probable cause to seize the cash even absent Rosales's statements. Rosales points to myriad reasons why the cash may not have been connected to the suspected drug transaction (such as that, during the drug transaction, he was only seen delivering a package and was not seen receiving anything in return). Probable cause, however, does not require proof beyond a reasonable doubt or even proof by a preponderance of the evidence. *Texas v. Brown*, 460 U.S. 730, 742 (1983) (plurality opinion) (probable cause "does not demand any showing that such a belief be correct or more likely true than false").

To the extent that Rosales argues that he is prejudiced by this last-minute change in the Court's ruling on his suppression motion, the Court notes that it does not perceive much difference between (1) testimony that Rosales was carrying over $5,000 in cash (which the Court had already found to be admissible) and (2) testimony and photographic evidence that Rosales was carrying exactly $10,000 in cash (which the Court has now found to be admissible). That the latter is now admissible should not require a material change in trial strategy on Rosales's part. There is thus no need to continue the trial in order to permit Rosales further time to prepare.

Rosales also argues that the government has made no evidentiary showing of the precise amount of the cash and does not in fact have admissible evidence that it amounted to exactly $10,000 (as the government claims). Whether the government can lay the proper foundation for introducing evidence of the amount of cash is a matter best left for trial.

There remains one further matter for discussion. In its motion for reconsideration, the government informed the Court for the first time that it intends to introduce evidence that Rosales and his co-defendant, Benjamin Perez, Jr. (whose cash was also seized at the airport), did not contest the subsequent administrative forfeiture of the cash. The government cites no case law to support the admissibility of this evidence and, with trial set to begin in less than 24 hours, the Court lacks the time to research the potential Fifth Amendment concerns presented by this evidence. In addition, even if the Fifth Amendment poses no problem, it appears that the probative value of this evidence is quite limited and substantially outweighed by the risk of unfair prejudice and confusion of issues, given that the jury would have to be educated about the administrative-forfeiture process, and given that multiple inferences can be drawn from Rosales's

and Perez's decisions not to contest the forfeiture of the cash. *See* Fed. R. Evid. 403. The Court therefore will not, without a much stronger showing of admissibility by the government, permit introduction of evidence that Rosales and Perez did not contest the forfeiture of the cash.

ORDER

Based on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The government's motion for reconsideration [Docket No. 362] is GRANTED IN PART.

2. The motion is GRANTED to the extent that the government may introduce evidence of the amount of cash seized from defendants Cruz Rosales and Benjamin Perez, Jr. on July 31, 2010, as well as photographs of defendants Rosales and Perez that were taken at the time of the seizure.

3. The motion is DENIED in all other respects.

Dated: December 13, 2011       s/Patrick J. Schiltz
                               Patrick J. Schiltz
                               United States District Judge