UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 10-CR-0339(6) (PJS/JJK) |
| Plaintiff, | |
| v. | ORDER |
| CRUZ ROSALES, | |
| Defendant. | |

Jeffrey S. Paulsen, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Michael C. Hager, HAGER LAW OFFICE, for defendant Cruz Rosales.

This matter is before the Court on the motion of defendant Cruz Rosales to unseal certain documents. For the reasons stated below, the Court denies the motion and orders that redacted versions of the documents be filed. The Court also orders Rosales to file a redacted version of his motion to unseal.

I. BACKGROUND

Rosales pleaded guilty to conspiring to distribute and distributing methamphetamine and other drugs and was recently sentenced to serve 42 months in prison. Before he pleaded guilty, Rosales moved to suppress the fruits of a search at the Minneapolis/St. Paul International Airport that was conducted by an agent of the Transportation Security Administration ("TSA"). After two evidentiary hearings and multiple rounds of briefing, that motion was denied. ECF Nos. 312, 340, 366.

Just before trial was scheduled to begin, the government asked that certain portions of the record relating to Rosales's suppression motion be placed under seal because they contain

sensitive security information about the TSA's airport-screening criteria and procedures. So as not to delay trial, the Court agreed to temporarily place certain documents under seal, with the understanding that the parties would later litigate whether and to what extent the documents should remain under seal. Rosales pleaded guilty shortly after the jury was selected.

A few weeks later, Rosales moved to unseal three of the documents, including (1) the transcript of the second hearing on his suppression motion [ECF No. 329]; (2) the government's supplemental memorandum in opposition to the suppression motion [ECF No. 322[1]]; and (3) the supplemental Report and Recommendation ("R&R") issued by Magistrate Judge Jeffrey J. Keyes [ECF No. 330]. It is not clear why Rosales filed his motion. Rosales apparently sought to unseal the documents so that they would be available for review on appeal. But by pleading guilty unconditionally, Rosales waived his right to appeal the Court's denial of his suppression motion. *United States v. Harner*, 628 F.3d 999, 1000 (8th Cir. 2011). Setting that aside, the sealed documents are part of the record in this case and are available to the Eighth Circuit. For whatever reason, though, Rosales asked that the documents be unsealed, and the Court now turns to his motion.

## II. ANALYSIS

The government contends that unsealing the documents would constitute an unauthorized disclosure of information that the TSA has designated as "sensitive security information," or "SSI." *See* 49 U.S.C. § 114(r) (granting the TSA authority to prescribe regulations prohibiting

---

[1] In its response, the government refers to the supplemental memorandum in opposition to the suppression motion as ECF No. 321. That docket entry, however, refers to a document filed in error. Instead, the supplemental memorandum in opposition to the suppression motion is filed at ECF No. 322. The Court therefore treats ECF No. 322 as the subject of this motion.

the disclosure of information if such disclosure would be detrimental to transportation security).

Rather than unsealing the documents entirely, the government argues, the Court should file redacted versions of the documents (which the government has provided). Rosales, for his part, contends that the Court should unseal the documents entirely because the information at issue does not qualify as SSI. Neither of these arguments, however, addresses the actual issue before the Court: whether the Court should seal information that has already been publicly disclosed.

By designating information as SSI, the TSA "creates an evidentiary privilege for information the TSA determines would be detrimental to air safety if disclosed." *Chowdhury v. Nw. Airlines Corp.*, 226 F.R.D. 608, 615 (N.D. Cal. 2004). In this case, though, the government is not seeking to withhold information pursuant to a privilege. Instead, the government is asking the Court to seal information that the government already voluntarily disclosed — and, in fact, voluntarily placed on the public record.[2] In light of the government's voluntary public disclosure of the information, the issue of whether the government could have withheld the information pursuant to a privilege is moot. *Cf. United States v. Davis*, 583 F.3d 1081, 1090 (8th Cir. 2009)

---

[2]The government represents that the parties entered into a non-disclosure agreement regarding the information at issue. *See* ECF No. 372 at 3. The only non-disclosure agreement referenced in the record, however, is an agreement that defense counsel apparently signed in order to get access to a written TSA report concerning the search. *See* ECF No. 329 at 31. Neither that TSA report, nor the actual non-disclosure agreement relating to it, are in the record. Moreover, the record does not contain any other non-disclosure agreement that might cover the information that Rosales seeks to unseal. Instead, the record reflects that the government's public disclosure of that information was not qualified in any way.

In addition, the government's public disclosure of the information was not inadvertent. To the contrary, the government publicly disclosed the information in order to establish the legality of a warrantless search and seizure, an issue on which it bore the burden of proof. *See United States v. Hughes*, 517 F.3d 1013, 1019 (8th Cir. 2008). The government made this public disclosure with the advice and counsel of a TSA attorney, who, in fact, attended the second evidentiary hearing. *See* ECF No. 329 at 13.

(voluntary disclosure of attorney-client communications waives the privilege). Likewise, the subsidiary question on which the existence of the privilege depends — namely, whether the TSA correctly designated the information as SSI — is also moot.[3]

The proper question, then, is whether this information should remain under seal — and that question, in turn, implicates the Court's inherent supervisory power over its own records. *See Webster Groves Sch. Dist. v Pulitzer Publ'g Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990) ("Every court has supervisory power over its own records.") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). The Court therefore analyzes Rosales's motion to unseal by applying the ordinary common-law principles applicable to the public's right of access to judicial records.[4]

It is well established that the public has a "general right to inspect and copy public records and documents, including judicial records and documents." *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006) (quoting *Nixon*, 435 U.S. at 597). This common-law presumption of access, however, is not absolute. The presumption in favor of disclosure may be overcome if the district

---

[3]The government argues that only appellate courts have jurisdiction to decide whether the TSA has correctly designated information as SSI. *See Chowdhury*, 226 F.R.D. at 614 ("Congress has expressly provided that an appeal from an order of the TSA pursuant to section 114(s) (non-disclosure of certain information) lies exclusively with the Court of Appeals."). As explained above, though, there is no need for this Court to decide whether the information was properly designated as SSI (and thus privileged) because, even if it was, the information has already been publicly disclosed. Whether or not this Court has jurisdiction to decide if the TSA has correctly designation information as SSI is therefore irrelevant.

[4]The Court recognizes that there is a qualified right of access to some judicial documents under the First Amendment. *See, e.g.*, *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 573-74 (8th Cir. 1988) (finding that the First Amendment extends to affidavits filed in support of search warrants). Because the parties have not briefed the First Amendment issue, however, the Court declines to reach it.

court, in exercising its discretion and supervisory power over its files and records, determines that competing interests outweigh the public's right of access. *See Webster Groves Sch. Dist.*, 898 F.2d at 1376. The Eighth Circuit has cautioned that "only the most compelling reasons can justify non-disclosure of judicial records." *In re Neal*, 461 F.3d at 1053 (quoting *In re Gitto Global Corp.*, 422 F.3d 1, 6 (1st Cir. 2005)); *but see United States v. McDougal*, 103 F.3d 651, 657-58 (8th Cir. 1996) (rejecting the "strong presumption" in favor of disclosure that has been adopted by other circuits).

Here, the government argues that its interest in national security is compelling and justifies the sealing of the original, unredacted documents that describe TSA criteria and procedures. In lieu of the originals, the government presents redacted versions of the documents and asks the Court to place those redacted documents on the public record. The portions of the original documents that the government wishes to redact describe (albeit without great specificity) some of the procedures that the TSA uses to conduct airport security screening and the criteria that the TSA considers when assessing whether passengers should be subjected to additional screening.

Safeguarding the nation's security is unquestionably a compelling interest. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 598 n.24 (1980) (Brennan, J. and Marshall, J., concurring); *see also In re Washington Post Co.*, 807 F.2d 383, 391-392 (4th Cir. 1986). Having reviewed the government's proposed redactions, the Court agrees that the government has a compelling interest in maintaining the secrecy of the information to be redacted. The TSA's criteria for screening passengers would provide valuable information to anyone attempting to exploit weaknesses in airport security — attempts that, unfortunately, remain common. *See*

*generally United States v. Abdulmutallab*, No. 10–20005, 2011 WL 4345243, at *2 (E.D. Mich. Sept. 16, 2011) (defendant detonated explosives concealed in his underwear); *United States v. Reid*, 211 F. Supp. 2d 366, 366 (D. Mass. 2002) (defendant attempted to ignite explosives hidden in his shoe). The government's proposed redactions are narrow in scope and restrict only information that describes the TSA's procedures and criteria for conducting airport security screenings.

The Court therefore orders that the government's proposed redacted versions of the sealed documents be filed and denies Rosales's motion to unseal. In addition, because Rosales's motion to unseal quotes redacted language from the supplement R&R, the Court orders that Rosales's motion to unseal [ECF No. 370] be placed under seal and that Rosales file a version of the document with the quoted language in the first three lines of the second page redacted.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant Cruz Rosales's motion to unseal [ECF No. 370] is DENIED.

2. The government is ordered to file the redacted versions of ECF Nos. 322 and 330. The Court will file a redacted version of ECF No. 329.

3. The Clerk of Court is ordered to place ECF No. 370 under seal.

4. Defendant is ordered to file a redacted version of his motion to unseal [ECF No. 370]. Specifically, defendant must file a version with the quoted language in the first three lines of page 2 redacted.

Dated: July 18, 2012   s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge